UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SELENE H BUTANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-0023 |
| | § | |
| BIG LOTS STORES, INC., BIG LOTS, | § | |
| INC., PNS STORES, INC., AND | § | |
| SOUTH COAST PLAZA LLC | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and § 1446, Defendants PNS Stores, Inc, Big Lots Stores, Inc. (an improperly named party), and Big Lots, Inc. (an improperly named party) (the "Big Lots Defendants") file this Notice of Removal for Cause No. 2017CCV-62254-3 from the County Court at Law No. 3, Nueces County, Texas.

## I.
## INTRODUCTION

1.    Plaintiff is Selene H. Butanda.  Defendants are PNS Stores, Inc., Big Lots Stores, Inc. (an improperly named party), Big Lots, Inc. (an improperly named party), and South Coast Plaza LLC.

2.    On November 30, 2017, Plaintiff filed Plaintiff's Original Petition in which he sued Big Lots Stores, Inc. for alleged personal injuries in the County Court at Law No. 3, Nueces County, Texas.

3.    Big Lots Stores, Inc. was served with Plaintiff's Original Petition on December 20, 2017.  Defendant Big Lots Stores, Inc. files this notice of removal

within the 30-day time period required by 28 U.S.C. § 1446(b).  Bd. Of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp., 478 F.3d 274, 278 (5th Cir. 2007).

4.     On January 18, 2018, Plaintiff filed his First Amended Original Petition, adding PNS Stores, Inc., Big Lots, Inc., and South Coast Plaza LLC as new Defendants, in addition to previously-named Big Lots Stores, Inc.

5.     Big Lots, Inc., PNS Stores, Inc., and South Coast Plaza LLC have not been served.

## II.
## REMOVAL PROCEDURE

6.     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Corpus Christi Division of the Southern District Court of Texas is the United States district and division embracing Nueces County, Texas, the county in which the State Court Action is pending.

7.     Copies of all pleadings, process, orders, the docket sheet, and a list of all counsel of record in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81.  An index of matters being filed is attached hereto as Exhibit 1.

8.     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## III.
## VENUE IS PROPER

9.    Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## IV.
## DIVERSITY JURISDICTION EXISTS
## WITH THE BIG LOTS DEFENDANTS

10.    Removal is proper because there is complete diversity between all properly joined and served Defendants.  28 U.S.C. §§1332(a), 1441, 1446; Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899-900 (9th Cir. 2006).  The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Although Plaintiff has sued a non-diverse defendant, the non-diverse (and fraudulently joined) Defendant has not been served.

11.    Plaintiff is a citizen of Texas as admitted in her Petition.[1]  Defendant Big Lots Stores, Inc., the only Defendant served to date, is a citizen of Ohio. Addtionally, Defendant Big Lots, Inc., is a citizen of Ohio and Defendant PNS Stores, Inc. is a citizen of Ohio, but those entities have not yet been served.

12.    Plaintiff alleges that Defendant South Coast Plaza, LLC is a Texas limited liability company with its principal place of business in Colorado.  However, Defendant South Coast Plaza, LLC has not been served with process in this matter.

---

[1] *See* Pl. First Amd. Pet. at ¶2.

13.    A majority of the federal courts considering "snap removal," as the Big Lots Defendants seek here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. The majority of those courts have held that a *non-forum* defendant — such as the Big Lots Defendants in this case — can remove prior to service of any in-state defendant. *See, e.g.*, *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

14.    Most courts following this majority approach permitted removal without consideration of whether the defendant removing the case had been served at the time of removal. *See, e.g.*, *Poznanovich v. AstraZeneca Pharms. LP*, Civ. No. 3:11-cv-04001, 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The Court finds that the language of the statute is plain, and, thus, adherence to the plain language is required."); *Robertson v Iuliano*, No. RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Boyer v. Wyeth Pharms., Inc.*, No. 12739, 2012 WL 1449246, at *2-3 (E.D. Pa. Apr. 26, 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was

proper under the unambiguous language of §1441(b)."); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *6 & *11 (D. Del. Jan. 23, 2009) (denying motion to remand upon finding that "[t]he language of § 1441 (b) is plain and unambiguous"). These courts found there is simply no statutory requirement that the removing defendant must first have been served with the complaint.

15.    Big Lots Stores, Inc. is the only Defendant to this suit that has been served to date, and it is a citizen of Ohio.  PNS Stores, Inc. and Big Lots, Inc. are also citizens of Ohio, so all Defendants filing this Removal are non-forum defendants.  The citizenship of South Coast Plaza LLC is not to be considered at this time since it has not yet been served.  Therefore, Big Lots this Court properly has diversity jurisdiction over the matter because the only Defendant that has been served is a citizen of Ohio, while Plaintiff is a citizen of Texas.

## V.
## THE IMPROPER JOINDER OF SOUTH COAST PLAZA LLC

16.    Defendant South Coast Plaza LLC has not been served with process in this matter.  South Coast Plaza LLC has been fraudulently and improperly joined as a defendant in this lawsuit solely for the purpose of defeating diversity jurisdiction.  Plaintiff alleges in her First Amended Original Petition that South Coast Plaza LLC is a Texas corporation organized under the laws of Texas with its principal place of business in Colorado.  Because no reasonable basis for recovery by Plaintiff exists against South Coast Plaza LLC, its citizenship should be disregarded in establishing diversity jurisdiction since South Coast Plaza LLC is a

fraudulently joined party.[2]

17.    Diversity jurisdiction requires complete diversity between the parties; however, such diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant.[3]  The removing party or parties carries the burden of proving fraudulent joinder.[4]  A party removing an action based on improper, or fraudulent, joinder, may satisfy its burden by showing either that: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court.[5]  As to the "inability to establish a cause of action" test, a mere theoretical possibility of recovery is insufficient.[6]

18.    In determining whether there is any possibility of recovering against the improperly joined defendant, the court may "pierce the pleadings" and rely on affidavits or other documents to determine whether the party was fraudulently joined.[7]  The obvious failure of the claim under applicable state law may consist of failure to allege a factual basis for an element of the plaintiff's claim against the non-diverse defendant.[8]  The failing may consist of pleading only a legally insufficient factual basis for an element of the claim against the non-diverse

---

[2] *Id.*; *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

[3] *See Wingate v. Air Products, Inc.*, 2006 WL 73576 at *1 (5th Cir. 2006) (citing *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004).

[4] *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

[5] *See Wingate*, 2006 WL 73576 at *1, (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[6] *See Wingate*, 2006 WL 73576 at *1; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (the plaintiff's "possibility" of recovery "must be reasonable, not merely theoretical").

[7] *See Hampton v. Union Pacific Railroad Co.*, 81 F. Supp. 2d 703, 707 (E.D. Tex. 1999) (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

[8] *See Wells' Dairy, Inc. v. American Industrial Refrigeration, Inc.*, 157 F. Supp. 2d 1018 (N.D. Iowa 2001) (citing *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001).

defendant.[9]

19.    Plaintiff has not alleged any specific facts or acts of wrongdoing as to South Coast Plaza LLC.    Additionally, there is no possibility that Plaintiff can establish a cause of action to recover against it.    Plaintiff's claims stem from an alleged slip and fall on a liquid that occurred inside the premises of a Big Lots store location.    That store is occupied and operated by PNS Stores, Inc., and PNS Stores, Inc. has leased the premises from South Coast Plaza LLC.    Therefore, South Coast Plaza LLC is simply the lessor of the property.    "A lessor generally has no duty to tenants or their invitees," such as Plaintiff, "for dangerous conditions on the leased premises."    *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996) (citing *Brownsville Navigation Dist. v. Izaguirre,* 829 S.W.2d 159, 160 (Tex. 1992) and Restatement (Second) of Torts § 356 (1965)).    Since Plaintiff is unable to establish a cause of action against the South Coast Plaza LLC in state court, it is clear that South Coast Plaza was fraudulently joined solely for the purpose of defeating diversity jurisdiction and its citizenship should not be considered for purposes of jurisdiction in this removal.

20.    There are no factual allegations about what role South Coast Plaza LLC played in the acts that allegedly caused Plaintiff's injury.    In fact, all of Plaintiff's allegations simply refer to allegations against "Defendants" in general, without any specific claims against any of the four named defendants.    Importantly, Plaintiff has alleged no facts regarding any specific wrongdoing by South Coast Plaza LLC to distinguish its alleged wrongdoing from that of the other Defendants,

---

[9] *See Wells' Dairy, Inc.*, 157 F. Supp. 2d at 1037-38; *see also Dollar*, 814 F. Supp. at 541.

and has failed to plead the elements of any of its causes of action specifically against Defendant South Coast Plaza LLC. Because Plaintiff fraudulently joined South Coast Plaza LLC solely for the purpose of defeating diversity jurisdiction, this Court should disregard its citizenship for purposes of removal.

## VI.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

21.    The amount in controversy exceeds $75,000, excluding interests and costs, as Plaintiff has affirmatively stated in her Original Petition and First Amended Original Petition that she is suing for damages in excess of $1,000,000.[10] Because there is complete diversity between the proper and served parties and the amount in controversy exceeds $75,000, this Court has jurisdiction over this matter.

## VII.
## JURY DEMAND
22.    Defendant hereby demands a jury trial of this cause.

## VIII.
## CONCLUSION

23.    For the reasons stated above, Defendants PNS Stores, Inc., Big Lots Stores, Inc., and Big Lots, Inc. request that Cause Number 2017CCV-62254-3, now pending in the from the County Court at Law No. 3, Nueces County, Texas, be removed to the United States District Court for the Southern District of Texas, Corpus Christi Division.

---

[10] 28 U.S.C. §1332(a); Andrews v. E.I. du Pont d Nemours & Co., 47 F. 3d 510, 514-15 (7th Cir. 2006).

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
214.777.4200 / Fax 214.777.4299

By: _____
    Zach T. Mayer, Attorney-in-Charge
    State Bar No. 24013118
    Southern Bar No. 604832
    zmayer@krcl.com
    Philip K. Bean
    State Bar No. 24059235
    Southern Bar No. 1313458
    pbean@krcl.com

**ATTORNEYS FOR DEFENDANT FOR
PNS STORES, INC., BIG LOTS STORES,
INC., AND BIG LOTS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of January 2018, a true and correct copy

of the foregoing has been forwarded to all counsel of record, as follows:

| | |
|---|---|
| Justin P. Green | ☐ E-MAIL |
| HERRMAN & HERRMAN, PLLC | ☐ HAND DELIVERY |
| 1201 Third Street | ☒ FACSIMILE |
| Corpus Christi, TX 78404 | ☐ OVERNIGHT MAIL |
| litigation@herrmanandherrman.com | ☐ REGULAR, FIRST CLASS MAIL |
| jgreen@herrmanandherrman.com | ☒ ECF (E-FILE AND SERVE) |
| | ☐ E-SERVE (SERVICE ONLY) |
| *Counsel For Plaintiff* | ☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

_____
Zach T. Mayer